FRANCIS WARD, PETITIONER-APPELLANT, v. PUBLIC SERVICE ELECTRIC & GAS CO., RESPONDENT-APPELLEE.

Middlesex County Court
Law Division

Decided May 22, 1951.

*Mr. William D. Mungle,* for petitioner-appellant (*Messrs. Parsonnet, Weitzman & Oransky,* attorneys).

*Mr. David Sellick,* for respondent-appellee (*Mr. Carl T. Freggens,* attorney).

MORRIS, J. C. C. This is a motion by the appellant for an extension of time to comply with *Rule* 5:2–6 which relates to workmen's compensation appeals. The respondent-appellee moved for a dismissal of the appeal for failure of the petitioner-appellant to comply with *R. S.* 34:15–66 and *Rule* 5:2–6.

The claim petition heretofore filed in this matter was dismissed by the deputy director of the Workmen's Compensation Division on March 1, 1951. The petitioner filed notice of appeal on March 30, 1951. The transcript was filed with the clerk on April 14, 1951, together with Exhibit P-1, being the hospital records of the petitioner. There were also three

exhibits received in evidence; a belt marked exhibit R-1; a wrench marked exhibit R-2, and a certificate by Dr. Haywood dated May 19, 1948, marked exhibit R-3. On April 27, 1951, the court fixed the 18th day of May, 1951, for the hearing of the appeal. The statute provides that this application should have been made within ten days after the filing of the transcript. The aforesaid statute further provides that "any appeal may be dismissed by the judge if the transcript of the record and testimony is not transmitted, or if the appeal is not prosecuted in accordance with the provisions of this chapter."

 The provisions of the cited statute with reference to the filing of the record and testimony are mandatory and were complied with by the appellant. The rule, which is a new rule and which was adopted on December 7, 1950, and printed in the December 7, 1950, issue of the *New Jersey Law Journal* reads:

"5:2-6. Workmen's Compensation Appeals

(a) Immediately upon filing the transcript of the record and testimony accompanied by all the exhibits, the court shall fix a date for the hearing of the appeal.

(b) The appellant, not less than 15 days prior to the date so fixed for hearing of the appeal, shall serve on appellee and file a brief embodying his contentions. At the same time, appellant shall serve and file a proposed statement of all non-issuable facts which are not immediately involved in the questions on 'which such appeal is based, but which are essential to the completeness of the determination and judgment by the court on the whole of the issue. At the same time, appellant shall also serve and file notice of application for counsel fees or other allowances, and the amounts thereof, which issue likewise shall be argued orally on the hearing of the appeal."

The petitioner-appellant has failed to file the exhibits R-1, R-2, and R-3 and has failed to comply with paragraph "b." The petitioner-appellant relies upon *Rule* 1:7-9 in his application for an extension of time. This rule reads as follows:

"The rules of the court shall be considered as general rules for the government of the court and the conducting of causes; and as

the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any cases where it shall be manifest to the court that a strict adherence to them will work surprise or injustice, except that the court may not extend the time for taking any action under *Rule* 1 :2–5."

While I am aware that where there is a conflict between the statute and the rules, the rules shall govern, in the instant case the provisions of our statute were substantially complied with by the petitioner-appellant. It is my opinion that the rules are also mandatory and are to be strictly complied with by attorneys for the respective parties, but the aforesaid being a new rule, it is my opinion that an injustice would be done to the petitioner-appellant if his cause was dismissed because of the failure to comply with the provisions of paragraphs "a" and "b" of *Rule* 5 :2–6.

The motion by the petitioner-appellant for an extension of time to comply with the provisions of *Rule* 5 :2–6 is granted, and the said appellant is granted until June 4, 1951, to comply with the provisions of paragraphs "a" and "b" of this rule, and Friday, June 15, 1951, at 10 :00 A. M., is hereby fixed for the hearing of this appeal.